# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiffs,<br><br>　v.<br><br>DAVID J. EDWARDS,<br>CENTRAL CINEMA, LP<br>MARCIA DOERR (Truestee of LAP Trust),<br>and STATE OF CALIFORNIA<br>FRANCHISE TAX BOARD,<br>　　　　Defendants.<br>_____/ | Case No. 1:17-CV-01105-AWI-SKO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION TO EXTEND TIME TO SERVE DEFENDANT MARCIA DOERR AND TO SERVE BY PUBLICATION**<br><br>(Doc. 7) |

## INTRODUCTION

Before the Court is an *ex parte* application (the "Application") filed by Plaintiff United States of America ("Plaintiff") for an order extending the time to serve process on Defendant Marcia Doerr ("Defendant Doerr") and permitting such service by publication. (Doc. 7.) For the reasons set forth below, Defendant's Application is GRANTED in part and DENIED in part.

## BACKGROUND

On August 16, 2017, Plaintiff filed this action seeking to reduce federal income tax assessments incurred by Defendant David J. Edwards ("Defendant Edwards") to a judgment, pursuant to 26 U.S.C. §§ 7401 and 7403, and foreclose federal tax liens on real property owned by

Defendant Edwards in Fresno County. (Doc. 1 (the "Complaint").) Plaintiff has served Defendant Edwards (Doc. 4) and Defendant Central Cinema (Doc. 5), and Defendant State of California Franchise Tax Board waived service (Doc. 6). Plaintiff has been unsuccessful, however, in its attempts to serve Defendant Doerr.

According to the Application, Defendant Doerr is the current trustee for LAP Trust, a trust which Defendant Edwards allegedly used to conceal assets from the IRS. (Doc. 7-1, 2:3-5, 2:16-19.) Plaintiff attempted to locate a physical address for Defendant Doerr by searching official records of the IRS, public record databases on Westlaw and Lexis, Accurint for Law Enforcement, Thomson Reuters CLEAR database, and TransUnion's TLOxp for Law Enforcement. (Doc. 7-1, 3:4-11.) As a result, Plaintiff found two physical addresses purportedly belonging to Defendant Doerr, and, through a professional process server, Plaintiff attempted service at those addresses. (Doc. 7-1, 11-14.) Plaintiff's process server attempted service on September 29, 2017, October 3, 2017, and October 10, 2017, and each time the occupant told the process server that Defendant Doerr was unknown to them. (Doc. 7-1, 3:15-4:2.)

Finally, on November 1, 2017, concurrently with the filing of the present Application, Plaintiff attempted to contact Defendant Doerr by mail at her last known address—a post office box in Oakland. (Doc. 7-1, 4:13-5:7.) Although the time limit within which Defendant Doerr must acknowledge receipt of Plaintiff's service by mail has not expired, Plaintiff believes Defendant Doerr is unlikely to respond.

Plaintiff now submits this Application for an order extending the time to serve process on Defendant Doerr and permitting Plaintiff to serve Defendant Doerr by publication. (Doc. 7.)

## **DISCUSSION**

**A.  Legal Standard**

Under Federal Rule of Civil Procedure 4(e)(1), a proper service of summons can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Accordingly, California's statute on service by publication governs whether substituted service is proper in this case. California Code of Civil Procedure § 415.50(a)(1) allows service by publication "if upon

2

affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . . [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action."

"For the purposes of service by publication, the existence of a cause of action is a jurisdictional fact." *Sananikone v. U.S.*, 2:07-cv-01434-MCE-EFB, 2009 WL 796544, at *2 (E.D. Cal. Feb. 25, 2009) (quoting *Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (3d Dist. 1977)). Additionally, a party seeking leave to serve process by publication must establish that "reasonable diligence" has been exercised to serve process in another manner permitted by California law. *Id.* (quoting *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995)). "The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney.'" *Id.* Before permitting service by publication, the Court necessarily requires that the plaintiff "show exhaustive attempts to locate the defendant," because "service by publication rarely results in actual notice." *Id.* Accordingly, a plaintiff that fails to take exhaustive measures to locate a party to be served cannot establish reasonable diligence. *Id.*

**B.   Analysis**

    **1.   Plaintiff Has Established the Existence of a Valid Cause of Action.**

The declaration of Aaron M. Bailey, Esq., submitted with Plaintiff's Application contains sufficient allegations demonstrating that a valid cause of action exists against Defendant Doerr. Mr. Bailey declared under penalty of perjury that this action was brought against Defendant Doerr, among others, pursuant to 26 U.S.C. §§ 7401 and 7403. (Doc. 7-3, ¶ 3.) These provisions provide enforcement for a tax lien against real property located in Fresno County, California, and purportedly used by Defendant Edwards in a criminal tax evasion scheme for which Defendant Edwards was convicted. (Doc. 7-3, ¶ 3; Doc. 7-1, 1:23-2:5.) Mr. Bailey further declared that Defendant Doerr is the "Trustee of 'LAP Trust,' an entity which currently holds putative title to the property located at 451 Burl Avenue, Clovis California and is therefore a necessary party to the suit under 26 U.S.C. § 7403(b)." (Doc. 7-3, ¶ 4.) Based on these allegations, as well as supporting Exhibit 1, an affidavit of successor trustee for LAP Trust purportedly executed by

3

Defendant Doerr, Plaintiff has satisfied its burden of alleging that a valid cause of action exists against Defendant Doerr.

### 2. Plaintiff Has Not Established the Requisite Diligence.

To prevail on its Application, Plaintiff must also establish that in searching for Defendant Doerr, it completed a thorough and systematic investigation and inquiry. *Sananikone*, 2009 WL 796544, at *3 (quotation and citation omitted). Plaintiff has failed to meet this burden.

In *Sananikone*, 2009 WL 796544, the Court determined that the U.S. Government failed to establish reasonable diligence justifying service by publication. The Government's only act of diligence in searching for a missing defendant involved searches conducted through Westlaw and Google. *Id*. at *1. The Court stated that, while those efforts "are somewhat indicative of reasonableness . . . [they] do not alone rise to the requisite level of both thorough and systematic. *Id*. at *3. The Court further found that the Government failed to "exhaust[] the myriad of other avenues available to locate [the defendant]," including contacting the defendant's known relatives, counsel for the other defendant, or, "the most obvious source of information … his co-defendants." *Id*. at *4.

Despite Plaintiff's efforts to locate Defendant Doerr, the Court cannot grant leave to serve by publication here. Plaintiff generally references searches conducted through Westlaw, Lexis, Accurint for Law Enforcement, Thomson Reuters CLEAR database, and TransUnion's TLOxp for Law Enforcement, and Plaintiff attempted to serve Defendant Doerr at potentially associated addresses—all of which is reasonable. However, those efforts do not meet the burden of showing thorough and systematic investigation and inquiry. *See*, *e.g.*, *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327 (2d Dist. 1978) (finding no reasonable diligence where plaintiff only searched telephone directories); *Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1138 (2d 1996) (finding no reasonable diligence where plaintiff failed to ask defendant's counsel for defendant's new address or to serve interrogatories on the co-defendants); *cf.*, *e.g.*, *Vorburg v. Vorburg*, 18 Cal. 2d 794 (1941) (finding reasonable diligence, and therefore permitting service by publication, where plaintiff examined city directories and telephone directories, contacted the local district attorney's office, and, most importantly, spoke with defendant's previous attorney).

4

Plaintiff failed to exhaust "the most obvious source of information" as to Defendant Doerr's whereabouts, as the Court in *Sananikone* characterized it: the other defendants involved in this action. Plaintiff effected service on both of the other named defendants, and thus could potentially explore that avenue to discover Defendant Doerr's whereabouts. Nor does Plaintiff indicate whether it attempted to locate known relatives of Defendant Doerr. *See Sananikone*, 2009 WL 796544, at *4.

Finally, the time for Defendant Doerr to respond to Plaintiff's service by mail has not yet expired. That is, Plaintiff mailed process to Plaintiff's last known address the same day that Plaintiff filed the present Application, and, under California law, Defendant Doerr has 20 days to return the acknowledgement of receipt. *See* Cal. Civ. Code § 415.30.

## **CONCLUSION**

Accordingly, Plaintiff's Application is GRANTED IN PART AND DENIED IN PART as follows:

(1) Plaintiff's Application is GRANTED to the extent it seeks an enlargement of time to effect service on Defendant Doerr. The deadline for service is extended to January 15, 2018; and

(2) Plaintiff's Application is DENIED to the extent it seeks to serve Defendant Doerr by publication. Such denial is WITHOUT PREJUDICE TO RENEWAL if, after the expiration of time for Defendant Doerr to respond to service by mail, Plaintiff can show that it exercised reasonable diligence under Federal Rule of Civil Procedure 4(e)(1) and California Code of Civil Procedure § 415.50(a)(1).

IT IS SO ORDERED.

Dated: **November 6, 2017**              /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE

5