# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DAVID J. EDWARDS,<br>CENTRAL CINEMA, LP<br>MARCIA DOERR (Trustee of LAP Trust),<br>and STATE OF CALIFORNIA<br>FRANCHISE TAX BOARD,<br>Defendants. | Case No. 1:17-CV-01105-AWI-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT BE GRANTED**<br><br>(Doc. 22) |

## I. INTRODUCTION

Before the Court is an unopposed motion for entry of default judgment (the "Motion"), filed on April 4, 2018, by Plaintiff United States of America (the "Government") against Defendants David J. Edwards, Marcia Doerr (Trustee of LAP Trust), and Central Cinema, L.P. (collectively "Defendants"). (Doc. 22.) The undersigned has reviewed the Government's submissions and determined, pursuant to Rule 230(g) of the Local Rules of the United States District Court, Eastern District of California, that the matter was suitable for decision without oral argument. The undersigned accordingly vacated the motion hearing. (Doc. 23.) For the reasons set forth below, the undersigned RECOMMENDS that the Government's Motion be granted.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On August 16, 2017, Plaintiff filed this action seeking to reduce federal income tax assessments incurred by Defendant Edwards to a judgment, pursuant to 26 U.S.C. §§ 7401 and 7403, and foreclose federal tax liens on real property owned by Defendant Edwards in Fresno County. (Doc. 1 (the "Complaint").)

The first property on which the Government seeks to foreclose its liens is located at 451 Burl Avenue, Clovis, CA 93611 (the "Clovis Property"). (Doc. 1 ¶ 15.) Defendant Edwards obtained the Clovis Property by conveyance in 1992. (*Id.* ¶¶ 15-16.) Defendant Edwards conveyed the Clovis Property to LAP Trust for no consideration in 1995, and, after it was conveyed back to him, he conveyed it to LAP Trust for no consideration for a second time in 2003. (*Id.* ¶¶ 17-19.) At the time the Government file the complaint in this matter, Defendant Dooer was the sole trustee of LAP Trust. (*Id.* ¶ 20.) The second property on which the Government seeks to foreclose its liens is located at 330-364 South Clovis Avenue, Fresno, CA 93727 (the "Fresno Property"). (Doc. 1 ¶ 21.) Defendant Edwards conveyed the Fresno Property to Take Five Trust for no consideration in 1995, and Take Five Trust conveyed the property to Central Cinema L.P. for no consideration in 1999. (*Id.* ¶¶ 22-23.) Defendant Edwards is the sole general partner in Central Cinema L.P. (*Id.* ¶ 23.) The Government alleges that it was defrauded by these property transfers. (Doc. 22-1, ¶ 15.)

The Government served Defendant Edwards and Central Cinema, L.P. with the complaint on August 30, 2017, but, to date, both defendants have failed to respond. (Docs. 4, 5.) On January 17, 2018, the Court permitted Plaintiff to serve Defendant Doerr by publication in the Fresno Bee, which Plaintiff did on January 29, February 5, February 12, and February 19, 2018. (Doc. 17.) To date, Defendant Doerr has failed to respond.

The Government requested entry of default as to Central Cinema, L.P. and Defendant Edwards on November 3, 2017 (Doc. 8), and as to Defendant Doerr on April 2, 2018 (Doc. 20), which the Clerk of the Court entered (Docs. 9, 21). The Government now seeks entry of default against Defendants in the amount of $1,034,795.09, plus interest from May 31, 2018, until paid. (Doc. 22.)

# III. DISCUSSION

## A. Legal Standard

The Federal Rules of Civil Procedure permit a court-ordered default judgment following the entry of default by the Clerk of the Court. *See* Fed. R. Civ. P. 55(b)(2). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980). That is, a defendant's default by itself does not entitle a plaintiff to such a judgment. *See id*. (citations omitted).

In determining whether to enter default judgment, the Court should consider the following so-called *Eitel* factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). For the reasons set forth below, the Court finds that the *Eitel* factors weigh in favor of entering default judgment against Defendants.

## B. Analysis of the *Eitel* Factors

### 1. Factor One: The Government Will Be Prejudiced if Default Judgment is Not Granted.

The first *Eitel* factor favors entry of default judgment where "the plaintiff would suffer prejudice if default judgment is not entered." *Lyon v. Bergstrom Law, Ltd.*, No. 1:16-cv-00401-DAD-SKO, 2017 WL 2350447, at *3 (E.D. Cal. May 31, 2017) (quoting *Joe Hand Promotions, Inc. v. Dhillon*, No. 2:15-cv-1108-MCE-KJN, 2015 WL 7572076, at *2 (E.D. Cal. Nov. 25, 2015). Over seven months into this action, Defendants have failed to respond to the Complaint. The litigation has thereby stalled, potentially prejudicing the Government by leaving it with no recourse to recover on its claims. That, by itself, is sufficient for a finding that this factor weighs in favor of entering default judgment. *See*, *e.g.*, *Philip Morris, USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).

//

### 2. Factors Two and Three: The Government's Claims that it is Entitled to a Judgment Against Defendant Edwards for Unpaid Income Tax Assessments and that the Transfers of the Clovis and Fresno Properties Were Fraudulent are Meritorious and the Complaint is Sufficient.

Under the second and third *Eitel* factors, the Court considers the general sufficiency of the complaint as well as the merits of its substantive claims. *HICA Educ. Loan Corp. v. Warne*, No. 11-cv-04287-LHK, 2012 WL 1156402, at *2 (N.D. Cal. Apr. 6, 2012). *See generally U.S. ex rel. Hajoca Corp. v. Aeroplate Corp.*, No. 1:12-cv-1287-AWI-BAM, 2013 WL 3729692, at *3 (E.D. Cal. July 12, 2013) (addressing the second and third *Eitel* factors "together because of the relatedness of the two inquiries"). These factors "together . . . require that a plaintiff state a claim on which the plaintiff may recover." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002); *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *Discovery Commc'ns, Inc. v. Animal Planet, Inc.*, 172 F. Supp. 2d 1282, 1288 (C.D. Cal. 2001).

On a motion for entry of default judgment following entry of default by the Clerk of the Court, the Court must accept as true the well-pleaded facts in the complaint. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1992). Necessary facts which are not contained in the complaint, or are legally insufficient, however, will not be established by the Clerk's entry of default. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

The Government's complaint requests that the Court (1) reduce the unpaid income tax assessments against Defendant Edwards to a judgment pursuant to 26 U.S.C. § 7402(a); (2) find that the property transfers of the Clovis Property were fraudulent under Cal. Civ. Code §§ 3439.04, 3439.05; (3) find that the property transfers of the Fresno Property were fraudulent under Cal. Civ. Code §§ 3439.04, 3439.05; (4) find that the current title holder of the Clovis Property is holding title as the nominee and/or alter-ego of Defendant Edwards; (5) find that the current title holder of the Fresno Property is holding title as the nominee and/or alter-ego of Defendant Edwards; and (6) foreclose federal tax liens against the Clovis and Fresno Properties pursuant to 26 U.S.C. § 7403(c). (Doc. 1 ¶¶ 24-59.)

#### a. The Government's Allegations Establish that Defendant Edwards Owes the Taxes Assessed Against Him.

"In an action to collect taxes, the government bears the initial burden of proof." *Palmer v.*

*U.S. I.R.S.*, 116 F.3d 1309, 1312 (9th Cir. 1997). "The government can usually carry its initial burden, however, merely by introducing its assessment of tax due." *U.S. v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1983); *see also Palmer*, 116 F.3d at 1312 ("The Commissioner's deficiency determinations and assessments for unpaid taxes are normally entitled to a presumption of correctness so long as they are supported by a minimal factual foundation."). The presumption of correctness shifts the burden of proof to the taxpayer to show that the determination is incorrect. *See Rapp v. Commissioner*, 774 F.2d 932, 935 (9th Cir. 1985); *Stonehill*, 702 F.2d at 1293 ("Normally, a presumption of correctness attaches to the assessment, and its introduction establishes a prima facie case.").

Although the government cannot rely on the presumption of correctness until it offers "some substantive evidence showing that the taxpayer received income" on which taxes were not paid, *Weimerskirch v. Comm'r*, 596 F.2d 358, 360 (9th Cir. 1979); *see also Edwards v. Comm'r*, 680 F.2d 1268, 1270 (9th Cir. 1982) (per curiam) (holding that a factual foundation for the assessment is laid "once some substantive evidence is introduced demonstrating that the taxpayer received unreported income"), this burden "can be met by presenting federal tax assessments. . . . Certificates of Assessments and Payments ('Form 4340s') are highly probative and in the absence of contrary evidence, are sufficient to establish a tax assessment was properly made and notice and demand for payment were sent," *U.S. v. Vacante*, 717 F.Supp.2d 992, 1004 (E.D. Cal. 2010); *see also Huff v. U.S.*, 10 F.3d 1440, 1445 (9th Cir. 1993) ("Generally, courts have held that IRS Form 4340 provides at least presumptive evidence that a tax has been validly assessed . . ."); *Hansen v. U.S.*, 7 F.3d 137, 138 (9th Cir. 1993) ("We stated that Form 4340 is probative evidence in and of itself and, in the absence of contrary evidence, [is] sufficient to establish that notices and assessments were properly made."); *Hughes*, 953 F.2d at 535 ("Official certificates, such as Form 4340, can constitute proof of the fact that the [tax] assessments were actually made."). "If the taxpayer fails to rebut the presumption, the government is entitled to judgment as a matter of law." *Vacante*, 717 F.Supp.2d at 1004.

The Government has established that its assessments are entitled to a presumption of correctness by proffering the Certificates of Assessments and Payments (Form 4340) that calculate

the amount of taxes that Defendant Edwards owed for the years 2001, 2004, 2005, and 2007 through 2009 (Doc. 22, Decl. of IRS Revenue Officer Kenneth Morgan ("Morgan Decl."), Exs. A-F), and the declarations of Aaron Bailey, an attorney with the United States Department of Justice, Tax Division (Doc. 22, Bailey Decl.), and IRS Revenue Officer Kenneth Morgan (Doc. 22, Morgan Decl.). *See*, *e.g.*, *U.S. v. Boyce*, 38 F.Supp.3d 1135, 1151-52 (C.D. Cal. Jul. 8, 2014) (finding that the government was entitled to a presumption of correctness where it proffered Forms 4340 to show taxpayer owed for the 1998 through 2008 tax years); *U.S. v. Uptergrove*, 2008 WL 3850833, at *5-6 (E.D. Cal. Aug. 13, 2008) (finding that the government's certificates of assessment established that tax liability was properly assessed against the taxpayer and that notices and demand for payment of liabilities were properly sent) (citing *U.S. v. Chila*, 871 F.2d 1015, 1017-19 (11th Cir. 1989). The Government's Certificates also demonstrate that the unpaid balance due, with accrued interest, penalties and other statutory additions as of May 31, 2018, is $1,034,795.09. *Uptergrove*, 2008 WL 3850833, at *4.

Further, Defendant Edwards has filed no opposition rebutting the presumption of correctness by, for instance, showing that the assessments were in error. *See Boyce*, 38 F.Supp.3d at 1152. The Government has therefore established that valid tax assessments were made and that Defendant Edwards owes the taxes assessed.

    **b. The Government's Allegations Establish the Government's Entitlement to Foreclose on the Federal Tax Liens.**

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. "The IRS has broad powers to impose federal tax liens under 26 U.S.C. § 6321 . . . The Supreme Court has interpreted section 6321 to apply to all property of a taxpayer, including property that is held by a third party as the taxpayer's nominee or alter ego." *Fourth Inv. L.P. v. U.S.*, 720 F.3d 1058, 1067 (9th Cir. 2013) (citing *G.M. Leasing Corp. v. U.S.*, 429 U.S. 338, 350-51 (1977); *see U.S. v. Capriotti*, No. 1:11-cv-00847 SAB, 2013 WL 1563214, *27 (E.D. Cal. Apr.

12, 2013). "While state law determines the property rights and interests, 'state law is inoperative to prevent the attachment of liens created by statute in favor of the United States.'" *Capriotti*, 2013 WL 1563214 at *27 (citing *Drye v. U.S.*, 528 U.S. 49, 52 (1999)).

Here, it is undisputed that, at the time the tax assessments were made, title to the Clovis Property was held by Defendant Doerr as trustee for the LAP Trust and the Fresno Property was held by Central Cinema, L.P. To reach the Clovis and Fresno Properties, therefore, the Government must demonstrate that Defendant Doerr and Central Cinema, L.P. are the nominees or alter egos for Defendant Edwards. *See Boyce*, 38 F.Supp.3d at 1152-53.

    **c. The Government's Allegations Establish that Defendants Doerr and Central Cinema, L.P. Are the Nominees of Defendant Edwards in the Clovis and Fresno Properties.**

The Government contends that it is entitled to foreclose on the Clovis and Fresno Properties because the Properties are truly owned by Defendant Edwards, and Defendants Doerr and Central Cinema, L.P. merely hold legal titles as Defendant Edwards' nominee or alter ego. (Doc. 1 ¶¶ 38-54.)

It is a well-settled principle that the "Government may foreclose on property held by a nominee of a taxpayer in order to collect the taxpayer's debt." *U.S. v. Shaeffer*, 245 B.R. 407, 415 (D. Colo. 1999) (citing *G.M. Leasing Corp.*, 429 U.S. at 351). "A nominee is one who holds bare legal title to property for the benefit of another." *Scoville v. U.S.*, 250 F.3d 1198, 1202 (8th Cir. 2001). Courts consider several factors when determining whether a title holder is merely a nominee, the most important of which is the taxpayer's ability to exert control, either directly or indirectly, over the property at issue. *See Shaeffer*, 245 B.R. at 415 (citing *Valley Fin., Inc. v. U.S.*, 629 F.2d 162, 172 (D.C. Cir. 1980)). "Those factors are '(1) whether inadequate or no consideration was paid by the nominee; (2) whether the propert[y] [was] placed in the nominee['s] name[] in anticipation of a lawsuit or other liability while the transferor remains in control of the property; (3) whether there is a close relationship between the nominees and the transferor; (4) failure to record the conveyances; (5) whether the transferor retained possession; and (6) whether the transferor continues to enjoy the benefits of the transferred property.'" *Boyce*, 38 F.Supp.3d at 1153 (quoting *Fourth Inv. L.P.,* 720 F.3d at 1070). "Courts focus on the totality of the

circumstances, and no single factor is dispositive." *Id*. (internal quotation omitted).

With regard to the first factor, the Government's complaint alleges that Defendant Edwards received no consideration for transferring the Clovis Property to Defendant Doerr and the Fresno Property to Central Cinema, L.P. (Doc. 1 ¶¶ 17-19, 22-23.) The Government further states in its Motion that the lack of documentary transfer tax paid on the property deeds is evidence that no consideration was paid to Defendant Edwards. (Doc. 22-1 at 16.) This factor, therefore, weighs in favor of the Government.

As concerns the second factor, it is uncontroverted that Defendant Edwards resided at the Clovis Property continuously throughout the various conveyances until he moved to an assisted living facility (Doc. 1 ¶ 41), and that he retained physical possession of the Fresno Property while paying no rent for it (*Id.* ¶¶ 50, 52). The IRS initiated a tax audit of Defendant Edwards in January 1999, and only two months later Defendant Edwards transferred the Fresno Property to Central Cinema, L.P. Defendant Edwards also retained physical possession of the Property and never paid rent for it. (*Id.* ¶ 53.) Two years later, Defendant Edwards transferred the Clovis Property to Defendant Doerr. (*Id.* ¶ 45.) The Government states in the complaint that Defendant Edwards was subsequently convicted of tax evasion, including concealing the nature and extent of his assets from 2000 to 2005. (*Id.*) These facts indicate that the Fresno and Clovis Properties were placed in the names of Defendant Doerr and Central Cinema, L.P. in anticipation of the IRS audit, and, therefore, the second factor weighs heavily in favor of the Government.

The fifth and sixth factors, which are interrelated, each weigh in favor of the Government. The Government alleges that Defendant Edwards resided at the Clovis Property continuously throughout the various property conveyances until he moved to an assisted living facility. (Doc. 1 ¶ 41.) Defendant Edwards never paid rent to remain at the Clovis Property, and he continuously claimed deductions for real estate tax and mortgage interests from the Property. (*Id.* ¶¶ 42-43.) Defendant Edwards also continuously listed the Clovis Property as his home address on his 1040 tax forms. (*Id.* ¶ 43.) As concerns the Fresno Property, Defendant Edwards was the sole general partner. (*Id.* ¶ 49.) Defendant Edwards continued to enjoy the benefits of the Fresno Property, which was doing business as Sunnyside Medical, and he continuously paid expenses for the

Property. (*Id.* ¶ 50.) Defendant Edwards also retained physical possession of the Property and never paid rent for it. (*Id.* ¶¶ 50, 52.) These factors therefore weigh in favor of the Government.

As the foregoing factors weigh in the Government's favor, the Court finds that Defendant Doerr as trustee for the LAP Trust holds title to the Fresno Property as Defendant Edward's nominee and Central Cinema, L.P. holds title to the Clovis Property as Defendant Edward's nominee. *See*, *e.g.*, *Boyce*, 38 F.Supp.3d at 1154 (holding that there was a nominee relationship where all but one factor favored the government; *Fourth Inv. L.P.*, 720 F.3d at 1072 (same). Accordingly, the Fresno and Clovis Properties are considered the property of Defendant Edwards, and the IRS tax liens attach to it.

### d. The Government's Allegations Establish that Defendant Edwards' Transfers of the Clovis Property to Defendant Doerr and the Fresno Property to Defendant Central Cinema L.P. were Fraudulent.

The Government next asserts that Defendant Edwards' transfer of the Clovis Property to Central Cinema, L.P., and the Fresno Property to Defendant Doerr were fraudulent as defined in California's Uniform Fraudulent Transfer Act ("UFTA") because they "were made with the intent to hinder, delay, or defraud [Defendant] Edwards' creditors." (Doc. 1 ¶ 35.) California Civil Code § 3439.04 provides

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation . . . with the actual intent to hinder, delay, or defraud any creditor of the debtor.

Cal. Civ. Code § 3439.04(a)(1). "Whether there is actual intent to hinder, delay, or defraud under [the] UFTA is a question of fact to be determined by a preponderance of evidence." *Wolkowitz v. Beverly (In re Beverly)*, 374 B.R. 221, 235 (9th Cir. BAP 2007) (citations omitted). "Once the creditor has shown that the conveyance is presumptively fraudulent, the burden shifts to the party defending the transfer." *Id.* (citing *Whitehouse v. Six Corp.*, 40 Cal.App.4th 527, 533 (1995)). "Because a debtor rarely admits to such a transfer, the evidence of intent 'must of necessity consist of inferences drawn from the circumstances surrounding the transaction and the relationship and interests of the parties.'" *In re SCI Real Estate Investments, LLC*, 2:11-bk-15975, 2013 WL

1829648, *4 (C.D. Cal. May 1, 2013) (citing *Neumeyer v. Crown Funding Corp.*, 56 Cal.App.3d 178, 183 (1976)); *see also Am. Express Travel Related Services Co., Inc. v. D & A Corp.*, No. CV-F-04-6737 OWW TAG, 2007 WL 3217565, *14 (E.D. Cal. Oct. 29, 2007).

The UFTA identifies the following eleven "badges of fraud" used to determine fraudulent intent: (1) whether the transfer was to an insider; (2) whether the debtor retained possession or control of the property after the transfer; (3) whether the transfer was disclosed or concealed; (4) whether before the transfer was made, the debtor had been sued or threatened with suit; (5) whether the transfer was of substantially all the debtor's assets; (6) whether the debtor absconded; (7) whether the debtor removed or concealed assets; (8) whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred; (9) whether the debtor was insolvent or became insolvent shortly after the transfer was made; (10) whether the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) whether the debtor transferred the essential assets of a business to a lienholder that then transferred them to an insider of the debtor. *See* Cal. Civ. Code § 3439.04(b); *In re SCI Real Estate Investments, LLC*, 2013 WL 1829648 at *4; *Acacia Corp. Mgmt., LLC v. U.S.*, No. CIV F-07-1129 AWI GSA, 2013 WL 57690, *6 (E.D. Cal. Jan. 4, 2013). "The UFTA list of 'badges of fraud' provides neither a counting rule, nor a mathematical formula. No minimum number of factors tips the scales toward actual intent. A trier of fact is entitled to find actual intent based on the evidence in the case, even if no 'badges of fraud' are present." *In re SCI Real Estate Investments, LLC*, 2013 WL 1829648 at *4 (citing *In re Beverly*, *3*74 B.R. at 236).

Here, the Government has established that Defendant Edwards fraudulently transferred the Clovis and Fresno Properties. First, Defendant Edwards transferred the Properties to Defendants Doerr and Central Cinema, L.P., whom the Court has determined hold legal title as Defendant Edwards' nominees. *See supra* Part II.B.2.c. This satisfies the first factor relevant in assessing fraudulent intent. Second, the Government has established that Defendant Edwards retained possession and control of the Properties after the transfers. Specifically, since transferring the Properties to Defendants Doerr and Central Cinema, L.P. Defendant Edwards continued to physically possess both properties, list the Clovis Property as his address, pay expenses for the

Properties, and claim deductions for real estate tax and mortgage interests from the Properties. As noted above, these facts demonstrate that Defendant Edwards retained possession and control, which satisfies the second factor. Third, Defendant Edwards transferred the Properties shortly after the IRS commenced an audit of Defendant Edwards, thus satisfying the fourth factor. Finally, Defendant Edwards received no consideration for any of the transfers of the Properties. This fact satisfies the eighth factor.

Based on the Government's uncontroverted evidence, the Court concludes that the Government has shown that the transfers were presumptively fraudulent. Defendant Edwards has adduced no evidence to rebut this presumption. The Court therefore concludes that Defendant Edwards conveyance of the Fresno Property to Central Cinema, L.P., and the Clovis Property to Defendant Doerr as trustee for the LAP Trust were fraudulent. *See Boyce*, 38 F.Supp. at 1157 (concluding that the government adduced evidence as to several of the "badges of fraud" factors, shifting the burden to defendants, and defendants did not proffer evidence rebutting the presumption); *see also Mendez v. Keeling*, No. 09-cv-2261 BEN (WMC), 2011 WL 1431469, *6-7 (S.D. Cal. Apr. 13, 2011) (same). This provides an alternate basis for concluding that IRS tax liens attach to the Properties. *Boyce*, 38 F.Supp. at 1157.

### 3. Factor Four: The Sum of Money At Stake in the Action is Reasonable.

The fourth *Eitel* factor, the sum of money at stake in the action, weighs in favor of granting default judgment. Default judgment is disfavored when a large amount of money is involved or is unreasonable in light of the defendant's actions. *See Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594-JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007). Here, the Government is seeking $1,034,795.09—the amount owed by Defendant Edwards in unpaid tax assessments—plus interest from May 31, 2018, until paid. (Doc. 22.) While this amount is not insubstantial, it is reasonable since Defendant Edwards owes this amount and failed to defend his interests despite having received notice of these proceedings. *See*, *e.g.*, *U.S. v. Roof Guard Roofing Co., Inc.*, No. 17-cv-02592-NC, 2017 WL 6994215, at *3 (N.D. Cal. Dec. 14, 2017) (Although "[a]s a raw amount, the defendants' tax liabilities here are not insignificant, totaling *over a million dollars*[,] the government substantiates the figures with verified tax assessments

against each defendant.") (emphasis added); *U.S. v. Sundberg*, 211 WL 3667458, at *5 (N.D. Cal. Aug. 22, 2011) ("While [$2,521,982.25] is substantial, it is tailored to Mr. Sundberg's specific misconduct."); *O'Brien v. U.S.*, No. 2:07-cv-00986-GMN-GWF, 2010 WL 3636171, at *4 (finding that while the sum of money at stake is substantial, over $3 million, it did not weigh against granting default judgment because it reflected only the amount defendant owed in unpaid taxes and interest to which the United States is entitled). Therefore, the amount of money at stake does not preclude entry of default judgment.

### 4. Factor Five: No Dispute Over Material Facts.

With regard to this *Eitel* factor, no genuine issues of material fact are likely to exist because the allegations in the Government's complaint are taken as true, *Televideo Sys.*, 826 F.2d at 917-18, and Defendants have submitted nothing to contradict the well-pled allegations in the complaint. Accordingly, this factor favors entry of default judgment.

### 5. Factor Six: No Evidence that Default Was Due to Excusable Neglect.

Defendants have failed to file responsive pleadings or oppose the Government's Motion for Default Judgment. The Court has no evidence before it establishing that Defendants' failure to participate in the litigation is due to excusable neglect. This factor therefore weighs in favor of granting default judgment.

### 6. Factor Seven: Strong Policy Favoring Decisions on the Merits.

This factor inherently weighs strongly against awarding default judgment in every case. This factor is outweighed, however, by the other factors that favor granting default judgment.

## C. Terms of the Judgment and Proof of Damages

While analysis of the *Eitel* factors supports entry of a default judgment, the Court also considers the proof of the damages and the terms of the judgment sought by the Government. In other words, although the Court must accept the Government's allegations as true on a motion for default judgment, the Government must still prove all damages sought in the complaint. *See Televideo Sys. Inc.*, 826 F.2d at 917-18. The relief sought "must not differ in kind from, or exceed in amount, what is demanded in the [complaint]." Fed. R. Civ. P. 54(c).

//

Here, the Government has submitted the declaration of IRS Revenue Officer Kenneth Morgan accompanied by Certificates of Assessments and computer generated breakdowns of the amounts owed by Defendant Edwards for the tax years in question in this case. (Doc. 22, Morgan Decl.); *see Koff v. U.S.*, 3 F.3d 1297, 1298 (9th Cir. 1993) ("It is settled in this circuit that Certificates of Assessments and Payments are probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that . . . assessments were properly made.") The Government has also provided the INTST printouts for each year showing the total due for each year. (Doc. 22-1, Ex. C.) According to these documents, the total due for each tax year plus interest from May 31, 2018, is as follows:

| **Tax Year** | **Activity** |
| --- | --- |
| 2001 | $570,341.30 |
| 2004 | $94,174.12 |
| 2005 | $99,521.27 |
| 2007 | $46,949.00 |
| 2008 | $32,521.57 |
| 2009 | $191,287.83 |
| **Total Due** | **$1,034,795.09** |

(Doc. 22, Morgan Decl. ¶ 8; *see also* Doc. 22, Ex. G at pp. 1-6.)

Reviewed as a whole, the Government's documentation satisfies its burden of proof. *See Oliver*, 921 F.2d at 919. Defendants did not challenge the documentation. Accordingly, the undersigned recommends that judgment be entered against Defendants in the amount of $1,034,795.09, plus interest from May 31, 2018, until paid.

The Government also seeks post judgment interest on the award. "Under the provisions of 28 U.S.C. § 1961, post judgment interest on a district court judgment is mandatory." *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995). Pursuant to section 1961(c) interest on the award is governed by section 6621 of the Internal Revenue Code.

Accordingly, the Court recommends that post judgment interest be awarded until the judgment is paid in full. *See Sanders*, 2016 WL 5109939, at *5.

## IV. CONCLUSION AND RECOMMENDATIONS

Based on consideration of the declarations, pleadings, and exhibits to the Government's Motion, the Court RECOMMENDS that:

1. The Government's Motion for Entry of Default Judgment (Doc. 22) against Defendants David J. Edwards, Marcia Doerr (Trustee of LAP Trust), and Central Cinema, L.P. be GRANTED;

2. Judgment be entered in favor of the United States and against Defendants David J. Edwards in the amount of $1,034,795.09, plus all penalties and interest according to 28 U.S.C. §1961(c) and 26 U.S.C. §§ 6601, 6621, and 6622, from May 31, 2018, until paid in full;

3. It be declared that the Defendants Marcia Doerr (Trustee of LAP Trust) and Central Cinema, L.P. are the fraudulent transferees of Defendant David J. Edwards, and the purported transfers of the Fresno Property, located at 330-364 South Clovis Avenue, Fresno, CA 93727, and the Clovis Property, located at 451 Burl Avenue, Clovis, CA 93611, be set aside and title returned in the name of Defendant David. J. Edwards; and

4. It be declared that the United States has valid liens against the properties of Defendant David J. Edwards, including but not limited to the Fresno and Clovis Properties, and that the United States' tax liens be ordered foreclosed against Defendant David. J. Edwards.

The United States is HEREBY ORDERED to mail a copy of these findings and recommendations to Defendant David J. Edwards at his last known address.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document

should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **May 4, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE