# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID J. EDWARDS, et al.,<br><br>　　　　　Defendants.<br>_____/ | Case No. 1:17-cv-1105-AWI-SKO<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT BE GRANTED**<br><br>(Doc. No. 28) |

On August 16, 2017, Plaintiff United States of America (the "Government") filed this action seeking to reduce federal income tax assessments incurred by Defendant David J. Edwards to a judgment, pursuant to 26 U.S.C. §§ 7401 and 7403, and foreclose federal tax liens on real property owned by Defendant Edwards in Fresno County. (Doc. No. 1.)

The first property on which the Government seeks to foreclose its liens is located at 451 Burl Avenue, Clovis, CA 93611 (the "Clovis Property"). (Doc. No. 1 ¶ 15.) Defendant Edwards obtained the Clovis Property by conveyance in 1992. (*Id.* ¶¶ 15-16.) Defendant Edwards conveyed the Clovis Property to LAP Trust for no consideration in 1995, and, after it was conveyed back to him, he conveyed it to LAP Trust for no consideration for a second time in 2003. (*Id.* ¶¶ 17-19.) At the time the Government filed the complaint in this matter, Defendant Marcia Doerr was the sole trustee of LAP Trust. (*Id.* ¶ 20.)

The second property on which the Government seeks to foreclose its liens is located at 330-364 South Clovis Avenue, Fresno, CA 93727 (the "Fresno Property"). (Doc. No. 1 ¶ 21.) Defendant Edwards conveyed the Fresno Property to Take Five Trust for no consideration in 1995, and Take Five Trust conveyed the property to Central Cinema L.P. for no consideration in 1999. (*Id.* ¶¶ 22-23.) Defendant Edwards is the sole general partner in Central Cinema L.P. (*Id.* ¶ 23.) The Government alleges that it was defrauded by these property transfers. (Doc. No. 22-1, ¶ 15.)

The Government served Defendant Edwards and Defendant Central Cinema, L.P. with the complaint on August 30, 2017, but both defendants failed to respond. (Doc. Nos. 4, 5.) On January 17, 2018, the Court permitted Plaintiff to serve Defendant Doerr by publication in the Fresno Bee, which Plaintiff did on January 29, February 5, February 12, and February 19, 2018. (Doc. No. 17.) Defendant Doerr did not respond to the Complaint. The Government requested entry of default as to Defendant Central Cinema, L.P. and Defendant Edwards on November 3, 2017 (Doc. No. 8), and as to Defendant Doerr on April 2, 2018 (Doc. No. 20), which the Clerk of the Court entered (Doc. Nos. 9, 21).

The Government filed its motion for entry of default judgment (the "Motion") on April 4, 2018. (Doc. No. 22.) In the Motion, the Government seeks a default judgment against Defendant Edwards in the amount of $1,034,795.09, plus all penalties and interest accruing after May 31, 2018, until paid. (*See id.*) The Government also seeks a declaration that Defendants Central Cinema, LP and LAP Trust be declared the nominees and/or fraudulent transferees of Defendant Edwards, that the transfers be set aside and title to the Fresno Property and the Clovis Property be restored in the name of Defendant Edwards, and that the tax liens against Defendant Edwards be foreclosed. No opposition to the Motion was filed.[1]

On May 4, 2018, the assigned magistrate judge issued findings and recommendations, in which she recommended that the Court grant the Motion and enter judgment in favor of the Government and against Defendant Edwards in the amount of $1,034,795.09, plus all penalties

---

[1] The State of California, Franchise Tax Board, which was named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Fresno and/or Clovis Property (*see* Doc. No. 1 ¶ 9), filed a statement of non-opposition to the Motion.

and interest according to 28 U.S.C. §1961(c) and 26 U.S.C. §§ 6601, 6621, and 6622, from May 31, 2018, until paid in full. (Doc. No. 28.) The magistrate judge also recommended that the Court declare Defendant Central Cinema, LP and LAP Trust the nominees and/or fraudulent transferees of Defendant Edwards, that the transfers be set aside and title to the Fresno Property and the Clovis Property be restored in the name of Defendant Edwards, and that the tax liens against Defendant Edwards be foreclosed. (*See id.*) The findings and recommendations contained notice that any objections were to be filed within twenty-one (21) days after service. (*See id.*) More than 21 days have passed and no objections to the findings and recommendations have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (Doc. No. 28) issued by the magistrate judge on May 4, 2018, are ADOPTED IN FULL;

2. Plaintiff United States of America's Motion for Entry of Default Judgment (Doc. No. 22) against Defendants David J. Edwards, Marcia Doerr (Trustee of LAP Trust), and Central Cinema, L.P. is GRANTED[2];

3. Judgment is entered in favor of Plaintiff and against Defendant David J. Edwards in the amount of $1,034,795.09, plus all penalties and interest according to 28 U.S.C. §1961(c) and 26 U.S.C. §§ 6601, 6621, and 6622, from May 31, 2018, until paid in full;

4. It is declared that the Defendants Marcia Doerr (Trustee of LAP Trust) and Central Cinema, L.P. are the fraudulent transferees of Defendant David J. Edwards, and the

---

[2] Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief-whether as a claim, counterclaim, crossclaim, or third-party claim-or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Because the only non-defaulted defendant, the State of California Franchise Tax Board, has now filed a statement of non-opposition to the motion for default judgment, (Doc. No. 27), the court finds that there is no just reason to delay entry of the default judgment sought herein.

| | |
|---|---|
| 1 | purported transfers of the Fresno Property, located at 330-364 South Clovis |
| 2 | Avenue, Fresno, CA 93727, and the Clovis Property, located at 451 Burl Avenue, |
| 3 | Clovis, CA 93611, are set aside and title returned in the name of Defendant David. |
| 4 | J. Edwards; and |
| 5. | It is declared that Plaintiff has valid liens against the properties of Defendant David |
| | J. Edwards, including but not limited to the Fresno and Clovis Properties, and that |
| | Plaintiff's tax liens are foreclosed against Defendant David. J. Edwards. |

IT IS SO ORDERED.

Dated:   June 4, 2018            _____
                                 SENIOR DISTRICT JUDGE